IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ANTWAINE TREMAINE NELSON,

        Defendant.

Case No. 21-CR-334-JFH

## OPINION AND ORDER

Before the Court is a motion to dismiss ("Motion") filed by Defendant Antwaine Tremaine Nelson ("Nelson"). Dkt. No. 141. The United States of America ("Government") opposes the Motion. Dkt. No. 145. For the reasons stated, the Motion is DENIED.

## BACKGROUND

Nelson and two codefendants, Robert James Jackson ("Jackson") and Andrew Cimone Golston ("Golston") (collectively "Defendants"), were charged by indictment in October 2021. Dkt. No. 2. All three Defendants are charged with drug conspiracy related to alleged distribution and possession with intent to distribute fifty (50) grams or more of actual methamphetamine. *Id.* at 1-2. It lists eighteen (18) overt acts of the conspiracy: seventeen (17) involving Jackson, four (4) involving Nelson, and two (2) involving Golston. *Id.* at 3-5.[1] In addition to the drug conspiracy count brought against all Defendants, the indictment also alleges ten (10) counts of distribution of methamphetamine against Jackson; one (1) count of possession with intent to distribute methamphetamine against Nelson; and one (1) count of distribution of methamphetamine against Golston. *Id.* at 5-8.

---

[1] Since Defendants are charged with conspiring together, some of the overt acts alleged involve two of them.

The possession count alleged against Nelson arose from a traffic stop performed by two state law enforcement officers on January 28, 2021. Dkt. No. 141 at 4. The traffic stop was part of a joint operation by the Drug Enforcement Administration ("DEA"), Oklahoma Bureau of Narcotics, and local McCurtain County law enforcement. Dkt. No. 145 at 2. Nelson was arrested and charged with simple possession of methamphetamine in violation of 63 O.S. § 2-402 in Oklahoma state court. Dkt. No. 141 at 5. He pled guilty, served 120 days, and was assessed costs. He was later indicted for the same conduct in this federal case with possession with intent to distribute methamphetamine under a federal statute, 21 U.S.C. § 841. *Id.*; Dkt. No. 2 at 7.

Nelson has repeatedly asserted his innocence, first in writing [*see* Dkt. No. 91] and later orally at a status conference on August 4, 2022. He also sought severance from Jackson and Golston, which the Court recently denied. Dkt. No. 110; Dkt. No. 136. Nelson now seeks dismissal of both claims brought against him, claiming the indictment fails to allege an offense regarding conspiracy and violates double jeopardy regarding possession with intent. Dkt. No. 141.

## AUTHORITY AND ANALYSIS

### I. Conspiracy Claim

An indictment must set forth the elements of the offense charged, put the defendant on fair notice of the charges against which he must defend, and enable the defendant to assert a double jeopardy defense. *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997). Federal Rule of Criminal Procedure 12(b) allows a defendant to seek dismissal on the grounds that an indictment fails to state an offense. Fed. R. Crim. B. 12(b)(3)(B)(v). However, "[c]hallenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006). "Rule 12 permits pretrial resolution of a motion to dismiss the indictment only when 'trial of the facts

surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'" *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). "If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *Id.* (emphasis in original).

Nelson challenges the factual basis of the indictment. He first presents six (6) pages of facts with numerous citations to discovery. Dkt. No. 141 at 1-6. He then goes on to argue variously that the indictment's allegations regarding agreements between Jackson and Golston do not involve him, the allegations that do involve him were not sufficient interactions to form an agreement with his codefendants, and the allegations regarding interactions among all three (3) Defendants do not demonstrate interdependence. All of these are contested factual questions that bear directly on Nelson's guilt or innocence. Because resolution of these contested facts would be of assistance in considering Nelson's arguments, dismissal is not appropriate under Rule 12. *See Pope*, 613 F.3d at 1259.[2]

## II. Possession with Intent Claim

"The Double Jeopardy Clause protects a person from being prosecuted twice for the same offence." *Denezpi v. United States*, 142 S. Ct. 1838, 1840 (2022). However, the same conduct—such as possession of methamphetamine during a traffic stop—can be the basis of more than one offense. "An offense defined by one sovereign is necessarily different from an offense defined by another, even when the offenses have identical elements. Thus, a person can be successively

---

[2] Nelson discusses at length *United States v. Caldwell*, 589 F.3d 1323 (10th Cir. 2009), which he says is instructive because of its discussion of a three-party drug conspiracy. *Id.* at 6-10. But *Caldwell* was not a motion to dismiss decision. It was a sufficiency of the evidence challenge brought after trial. 589 F.3d at 1328. *Caldwell* does not control at this pretrial stage.

prosecuted for the two offenses without offending the Clause." *Id.*  This rule, known as the dual sovereignty doctrine, exists because "[w]hen a defendant in a single act violates the peace and dignity of two sovereigns by breaking the laws of each, he has committed two distinct offences." *Heath v. Alabama*, 474 U.S. 82, 88 (1985) (quotations omitted); *see also Gamble v. United States*, 139 S. Ct. 1960, 1963 (2019).  "A classic application of the dual sovereignty doctrine is the case of successive prosecutions by a state and the federal government." *United States v. Barrett*, 496 F.3d 1079, 1118 (10th Cir. 2007) (quotation omitted).

Nelson acknowledges the general applicability of the dual sovereignty doctrine but claims that the narrow "sham prosecution" exception applies in his case. *Id.* Dkt. No. 141 at 11-12.  Sham prosecution occurs "where one sovereign is acting as 'merely a tool' of the other to bring a second prosecution that is a 'sham and cover' for a prosecution that is otherwise barred." *United States v. Stevens*, 533 F. Supp. 3d 1026, 1028 (E.D. Okla. 2021) (quoting *Bartkus v. Illinois*, 359 U.S. 121, 123-24 (1959)).  "Although frequently noted, this exception is an extremely narrow one and is rarely applied," as it is "limited to situations in which one sovereign so thoroughly dominates or manipulates the prosecutorial machinery of another that the latter retains little or no volition in its own proceedings." *United States v. Trammell*, 133 F.3d 1343, 1349 (10th Cir. 1998) (quotation omitted).

Nelson's bare assertion that "[h]e is being tried again for the same exact conduct for which he has already served a state court sentence and for which the state and federal governments worked inextricably linked as a single sovereign" [Dkt. No. 141 at 12] does not make it so.  While he indicates state law enforcement officials and federal DEA agents coordinated on surveillance and reviewing evidence, this is not out of the ordinary in drug investigations.  The Court agrees with the Government that "[t]he mere existence of a joint state and federal investigation does not

4

mean that the sovereigns were acting together as a single sovereign." Dkt. No. 145 at 7. A joint investigation, without more, is not sufficient to demonstrate the "thorough domination of prosecutorial machinery" which the sham prosecution doctrine is meant to address. Nelson has not presented anything justifying the application of this extremely narrow exception to the dual sovereignty doctrine, and hence, dismissal is not warranted.[3]

## CONCLUSION

IT IS THEREFORE ORDERED that Nelson's opposed motion to dismiss [Dkt. No.141] is DENIED.

DATED this 9th day of September 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[3] Nelson briefly references a Department of Justice policy discouraging successive prosecutions. Dkt. No. 141 at 14 (discussing *Petite v. United States*, 361 U.S. 529, 530 (1960)). However, he acknowledges that any potential violation of the *Petite* policy does not provide grounds for dismissal. *Id.*